UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY D. COLE,

                    Petitioner,          Case No. 2:18-cv-13673
                                                Hon. Avern Cohn

v.

RANDEE REWERTS,

                    Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND
DENYING CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner, proceeding pro se, challenges his conviction for armed robbery, in violation of M.C.L. § 750.529, for which he received a sentence of 190 to 360 months. Petitioner claims his trial counsel was ineffective for failing to impeach a prosecution witnesses with inconsistent testimony from his first trial. For the reasons which follow, the petition will be denied for lack of merit.

II. Background

Petitioner's first trial ended in a hung jury. At Petitioner's second trial, Kenneth Pugh (Pugh) testified that Petitioner was an acquaintance. On the date of the incident, Petitioner gave Pugh a ride in his truck. Petitioner pulled his vehicle truck to the side of the road, announced he was robbing Pugh, pointed an ice pick at him, and demanded his money. Pugh gave Petitioner around $400 and Petitioner drove away.

1

Pugh called 9-1-1, and the tape was played for the jury. Petitioner was later arrested in his vehicle and was found with about $400 on cash on him.

During the 9-1-1 call, Pugh falsely claimed that Petitioner threatened him with a gun and gave inconsistent descriptions of Petitioner's vehicle. Pugh later falsely told police that Petitioner was armed with a gun. Pugh explained at trial that he lied about these details because he was angry at Petitioner.

Police Officer Charles Ruffin (Ruffin) testified at both trials. On cross-examination at the first trial Ruffin testified about the inventory search of Petitioner's vehicle:

> Q. Okay. And you said you found some clothing items. Did you find any type of a -- did you find a knife?
>
> A. No, sir, I did not.
>
> Q. Did you find a gun?
>
> A. No, sir, I did not.
>
> Q. Did you find an ice pick or any other pointy object?
>
> A. No, sir, I did not.

Doc. 9-6, at 194.

The next day, the prosecutor recalled Ruffin who testified that he did, in fact, find an ice pick in Petitioner's truck. Doc. 9-7, at 4, 9. Ruffin explained that he did not list the ice pick in his police report because he was looking for a gun. Id. Ruffin did not even recall seeing the ice pick until he reflected upon it after defense counsel mentioned it on cross-examination. Id. at 10.

At the second trial, Ruffin testified on direct-examination:

> Q. Did you see anything else in the pickup truck?

> A. Yes. Inside that pickup truck I observed numerous tools, other items and a, and an ice pick which was brown, had a brown handle and it was about I believe to six to eight inches long.
>
> Q. Where did you observe this ice pick?
>
> A. It was behind the driver's seat of that vehicle along with the other items that I recovered.
>
> Q. Why didn't you recover this ice pick?
>
> A. I was looking for a gun. I was, you know, that's what -- I was just looking for a gun cause I was told to.

Doc. 9-10, at 28.

On cross-examination, Ruffin conceded he did not confiscate the ice pick, and he did not record seeing it in his police report. Id. 30-31. Ruffin also conceded that because the truck was released to its owner, the existence and location of the ice pick could not be corroborated. Id. 31-32. Ruffin described the knife being rust colored at the second trial, whereas he described the blade as being silver at the first trial.

Defense counsel did not cross-examine Ruffin about any differences in the description of the knife during the second trial. Defense counsel also did not question Ruffin about his initial testimony at the first trial regarding not finding an ice pick or other sharp object.

Following his conviction and sentence, Petitioner was appointed appellate counsel who filed a claim of appeal. The brief on appeal raised what now forms Petitioner's habeas claim as well as two claims not presented here. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished Opinion. People v. Cole, 2017 WL 993220 (Mich. Ct. App. Mar. 14, 2017). Petitioner appealed. The Michigan Supreme Court denied the

application for leave to appeal by standard form order. People v. Cole, 501 Mich. 920 (2017).

III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

IV. Analysis

A. Legal Standard

Under clearly established Supreme Court law, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

> In a habeas case, moreover, review of an ineffective-assistance-of-counsel claim is "doubly deferential," Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Burt v. Titlow, 571 U.S. 12, 22 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." Burt, 134 S. Ct., at 13.

Woods v. Etherton, 136 S. Ct. 1149, 1151, 194 L. Ed. 2d 333 (2016) (per curiam).

B. Application

Petitioner claims his counsel was ineffective for failing to cross-examine Ruffin at the second trial with his prior testimony. After reciting the controlling constitutional standard, the Michigan Court of Appeals rejected the claim on the merits, explaining:

> Defense counsel's failure to question Ruffin about certain differences in his descriptions of the ice pick at the first and second trials also did not deprive defendant of a substantial defense. At the first trial, Ruffin testified that the ice pick was 4 to 6 inches long and silver. At the second trial over a month later, Ruffin testified that the ice pick was 6 to 8 inches long and was "rust" or "almost rusted like" with a brown handle. The size differential is not significant given the lapse of several months from the time that he saw the ice pick until each of the two trials, which were held over a month apart, as well as the fact that he was told to look for a gun in the truck and did not realize the importance or relevance of the ice pick when he saw it. In addition, the fact that the ice pick was "rust" or "almost rusted like" and had a brown handle is not necessarily inconsistent with the ice pick being silver, if Ruffin meant that the ice pick was literally somewhat rusted. But to the extent that Ruffin's description of the ice pick as rust or almost rusted suggests a different color than silver, the jury in the second trial had already heard Pugh's testimony that the tip of the ice pick was silver, although he could not see the handle because it was covered by defendant's hand. Defense counsel thus could have concluded that there were inconsistencies at the second trial itself with respect to the descriptions of the ice pick by Pugh and Ruffin and that these inconsistencies raised credibility concerns regarding one or both of these witnesses. Defense counsel could also have been concerned that bringing up Ruffin's testimony from the first trial about the ice pick being silver would have offered potential corroboration of Pugh's testimony at the second trial that the tip of the ice pick was silver. That is, Ruffin's description of the ice pick at the first trial was arguably more consistent with Pugh's description than was Ruffin's description at the second trial; it thus could have been damaging to the defense to inform the jury at the second trial of Ruffin's testimony describing the ice pick at the first trial. Accordingly, defendant has failed to overcome the presumption that defense counsel's decisions regarding how to cross-examine Ruffin reflected reasonable strategic choices.

People v. Cole, No. 329969, 2017 WL 993220, at *3. The court of appeals also concluded that even if counsel performed deficiently by failing to use the transcript of the first trial, Petitioner was not prejudiced:

> Pugh's testimony that defendant robbed him is circumstantially corroborated not only by Ruffin's discovery of the ice pick in the truck defendant had been driving, but also by the testimony of police officers that: a large sum of cash in excess of $400, which was the approximate amount taken from Pugh, was found on defendant's person when he was arrested; defendant was wearing and had in the truck clothing items consistent with what Pugh had described to the police; and a surveillance video from a liquor store where Pugh came into contact with defendant that day showed defendant and Pugh interacting with each other before the robbery. Given the strong circumstantial evidence corroborating Pugh's testimony that defendant robbed him, we are not convinced that defendant has established a reasonable probability of a different outcome but for defense counsel's alleged errors.

Id. at *5.

The decision of the Michigan Court of Appeals was reasonable. The court of appeals applied the clearly established standard to Petitioner's claim, carefully examined the record and determined that Petitioner's claim lacked merit. Applying the doubly-deferential standard, it was reasonable for the state court to find that Petitioner's counsel was not deficient for failing to use the transcript of the first trial during the second trial because counsel competently attacked Pugh and Ruffin's credibility in other ways. Moreover, the state court reasonably found that Petitioner failed to demonstrate prejudice. Petitioner was arrested while possessing approximately the same amount of cash Pugh said was taken from him. He was wearing the clothes Pugh described. And surveillance video footage from the liquor store confirmed that Petitioner gave Pugh a ride at the time of the incident. Petitioner is not entitled to habeas relief.

V. Conclusion

Accordingly, the petition is DENIED. Further, because jurists of reason would not debate the resolution of Petitioner's claim, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.


s/Avern Cohn
Hon. Avern Cohn
United States District Judge

Dated: 9/20/2019